OPINION *Page 2 
{¶ 1} On February 6, 2006, appellants, Bruce Stomp, and Mary Kendig, filed a complaint against 9890 Brewster Lane, Inc. dba The Wedgewood Pub Grill and appellee, Fifth Third Bank, seeking statutory relief under the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq. Appellants alleged on several different occasions in October and November of 2005, they used their credit cards at The Wedgewood Pub Grill and their receipts displayed more than the last five digits of their credit card account numbers, as well as the expiration date of their credit cards, all in violation of R.C. 1349.18. Appellants sought money damages and declaratory relief.
 {¶ 2} On May 22, 2006, appellants and appellee entered into a settlement agreement. Appellants were to receive $5,500.00 by May 30, 2006. Faxes were exchanged between the parties, with appellants allegedly signing the agreement on May 31, 2006, one day after the purported deadline. Appellee wired the money on June 7, 2006. Appellants did not dismiss the complaint, but instead began to litigate the matter.
 {¶ 3} On July 11, 2006, appellee filed a motion to enforce settlement, and sought attorney's fees. By decision filed July 25, 2006, the magistrate found the parties had settled the case, and ordered the enforcement of the agreement. By judgment entry filed August 18, 2006, the trial court approved and adopted the magistrate's decision.
 {¶ 4} A hearing before a magistrate on the issue of attorney's fees was held on March 19, 2007. Appellants did not appear as an error had occurred in calendaring the hearing. By decision filed March 21, 2007, the magistrate denied the request to hold *Page 3 
another hearing, and instructed appellants to submit written responses to the evidence presented. Appellants objected. By judgment entry filed April 30, 2007, the trial court approved and adopted the magistrate's decision.
 {¶ 5} On May 10, 2007, the magistrate filed a decision granting appellee, as against appellants and their attorney, John Ferron, Esq., jointly and severally, attorney's fees in the amount of $10,646.44. Appellants filed objections. By judgment entry filed June 7, 2007, the trial court approved and adopted the magistrate's decision.
 {¶ 6} Appellants, together with their attorney, John Ferron, Esq., filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY RELYING UPON EVIDENCE PRESENTED BY APPELLEES AT A HEARING THAT WAS CONDUCTED EX PARTE AND WITHOUT PRIOR NOTICE TO APPELLANTS."
 II {¶ 8} "THE TRIAL COURT ERRED BY DENYING APPELLANTS THE RIGHT TO PARTICIPATE IN A HEARING UPON APPELLEE FIFTH THIRD BANK'S MOTION FOR ATTORNEY'S FEES."
 III {¶ 9} "THE TRIAL COURT ERRED BY FINDING THAT APPELLANTS ENGAGED IN FRIVOLOUS CONDUCT." *Page 4 
 IV {¶ 10} "THE TRIAL COURT ERRED BY IMPOSING SANCTIONS AGAINST APPELLANTS."
 V {¶ 11} "THE TRIAL COURT ERRED BY AWARDING ATTORNEY'S FEES TO APPELLEE FIFTH THIRD BECAUSE IT FAILED TO ESTABLISH THAT IT WAS OBLIGATED TO PAY OR ACTUALLY PAID ANY ATTORNEY'S FEES IN THIS MATTER, OR THAT THOSE ATTORNEY'S FEES WERE REASONABLE."
 VI {¶ 12} "THE TRIAL COURT ERRED BY DENYING APPELLANTS' REQUEST FOR THE ISSUANCE OF SEPARATE FINDINGS OF FACT AND CONCLUSIONS OF LAW PERTAINING TO THE COURT'S JUNE 7, 2007 JUDGMENT ENTRY."
 I, II {¶ 13} These assignments of error challenge the procedure of the March 19, 2007 hearing. Appellants argue the hearing was ex parte, and the trial court denied them the right to participate. We disagree.
 {¶ 14} Appellants do not deny that they received notice of the hearing. Appellants missed the hearing because the time was mis-calendared by one hour. The crux of appellants' argument is that the magistrate should have permitted a re-hearing.
 {¶ 15} We note the magistrate continued the hearing from February 26, 2007 at appellants' request. See, Entry filed February 5, 2007. In his decision filed March 21, 2007, the magistrate summarized the March 19, 2007 proceeding as follows: *Page 5 
 {¶ 16} "This is before the court on March 19, 2007 for re-hearing on Defendant's motion for attorney fees. Previously, the court heard the motion in the absence of Plaintiffs and counsel who made no appearance at the hearing. When Plaintiffs' counsel certified they did not receive notice of the hearing, the court granted a rehearing conducted on this date.
 {¶ 17} "On March 19 Plaintiff and counsel, again, made no appearance. Later the same day, Plaintiffs' counsel submitted a request, in letter form by facsimile, seeking a re-hearing on grounds that they had mis-calendered (sic) the start time of the hearing by one hour resulting in their second nonappearance. The omission is, indeed, unfortunate. The court finds that counsel intended no affront to the court or opposing counsel and accepts the apology included in the letter. Nevertheless, the court must exercise its discretion to deny counsel's request for a second re-hearing. Given the history of the case, the court cannot fairly require Defendants to prepare, appear, and prosecute the same motion a third time.
 {¶ 18} "In lieu of an (sic) third evidentiary hearing, the court grants Plaintiffs until April 23, 2007 to serve and file a written response to the evidence submitted at the September 18, 2006 and March 19, 2007. Defendants, as the proponents of the motion, are entitled to the last word and are granted ten days from service of Plaintiffs' response to serve and file a reply. Whereupon, the matter shall be deemed submitted."
 {¶ 19} The decision whether to grant a re-hearing is within the trial court's sound discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217. *Page 6 
 {¶ 20} We find no abuse of discretion in denying the request for re-hearing. The magistrate clearly presented a viable alternative for appellants to argue their position via post-hearing briefs and affidavits.
 {¶ 21} Assignments of Error I and II are denied.
 III, IV, V {¶ 22} These assignments of error challenge the finding that appellants engaged in frivolous conduct, the imposition of sanctions, and the reasonableness of attorney's fees.
 {¶ 23} Preliminarily, this court's ability to review these issues is severely limited due to appellants' failure to file a written transcript of portions of the videotaped proceeding in challenging specific factual findings. App.R. 9 governs the record on appeal. Subsection (A) states the following:
 {¶ 24} "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine *Page 7 
the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 25} The trial court addressed the issues presented under these assignments in its June 7, 2007 judgment entry as follows:
 {¶ 26} "The plaintiff argues that the Magistrate improperly found that plaintiff's counsel engaged in frivolous conduct. Clear and convincing evidence was presented demonstrating that counsel for plaintiffs did engage in frivolous conduct. On July 25, 2006 this court found that the case had been settled and ordered the case dismissed. In contravention of this order the plaintiffs continued to litigate the case. The issue is not whether the settlement agreement is enforceable. The court has already ruled on that issue. The issue is whether the plaintiffs engaged in frivolous conduct by continuing to litigate after the court ordered settlement. The Fifth District Court of Appeals in Elsass Frank, No. 01-CA-E-11-060, 2002-Ohio-2947 (Ohio App 5th dist., 2002) found that continuing to pursue litigation after a settlement has been reached constitutes frivolous conduct. The facts and the law demonstrate that the plaintiffs engaged in such frivolous conduct."
 {¶ 27} In reviewing the docket, we find after the settlement, appellants filed a motion for summary judgment on June 13, 2006 which was not withdrawn until July 10, 2006, after appellee had filed its response.[1] Also after the settlement, appellants sought to take the deposition of appellee's employee. *Page 8 
 {¶ 28} The settlement was final as of June 7, 2006 when payment was tendered after the presentation of the final release on May 31, 2006.
 {¶ 29} Frivolous conduct is defined in R.C. 2323.51(A)(2)(a) which states the following:
 {¶ 30} "(2) `Frivolous conduct' means either of the following:
 {¶ 31} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
 {¶ 32} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 {¶ 33} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 {¶ 34} "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
 {¶ 35} "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."
 {¶ 36} The attorney's fees granted were substantiated by the affidavit of Scott A. Kossoudji, Esq. See, Exhibit A, attached to Appellee's Response filed May 3, 2006. *Page 9 
 {¶ 37} Given the limited review of the record necessitated by appellants' failure to file a written transcript, we find the trial court did not err in finding frivolous conduct and awarding attorney's fees.
 {¶ 38} Assignments of Error III, IV, and V are denied.
 VI {¶ 39} Appellants claim the trial court erred in not entering findings of fact and conclusions of law. We disagree.
 {¶ 40} In its June 7, 2007 judgment entry, the trial court specifically found the magistrate's decision was sufficiently broad to cover the Civ.R. 52 requirement for findings of fact:
 {¶ 41} "This matter came before the court upon the plaintiffs' request for the issuance of finding of fact and conclusions of law pursuant to Ohio Civil Rule 52. On May 10, 2007 the Magistrate wrote a five page decision recommending judgment in favor of the defendant Fifth Third Bank and against the plaintiffs and their counsel John Ferron, jointly and severally, for $10,646,34. The decision of the Magistrate was adopted as the order of this court on May 10, 2007. The court finds that the Magistrate's Decision satisfies the requirement of Ohio Civil Rule 52.
 {¶ 42} "Civil Rule 52 states that an opinion and a memorandum of a decision filed in the action prior to the judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and rule 41(D)(2). The Ohio Supreme Court, in In re: Schoeppner (1976), 36 Ohio St. 2nd 21
held that the ruling of a trial court which recited various facts and a legal conclusion satisfied the requirements of Civil Rule 52 where, when considered together with other *Page 10 
parts of the trial court's records, it formed an adequate base upon which to decide the narrow legal issue presented."
 {¶ 43} We concur and find the trial court's analysis to be correct.
 {¶ 44} Assignment of Error VI is denied.
 {¶ 45} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio is affirmed.
[1] Appellants do not challenge the fact that there was a settlement. Appellants did not appeal the trial court's August 18, 2007 approval and adoption of the magistrate's July 25, 2006 decision to enforce settlement. *Page 1